IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Berry<br><br>Plaintiff(s),<br><br>v.<br><br>Wells Fargo<br><br>Defendant(s). | Case No.   15 c 5269<br>Judge Virginia M. Kendall |

## ORDER

The Court grants Wells Fargo's motion to dismiss (Dkt. No. 11) in its entirety. Berry's Fair Housing Act and Equal Credit Opportunity Act claims are dismissed without prejudice as untimely. Berry's Truth in Lending Act claim is dismissed with prejudice pursuant to Berry's voluntary withdrawal. The Court declines to exercise supplemental jurisdiction over the remainder of Berry's state law claims and dismisses them without prejudice. Additionally, though HSBC has not appeared as a defendant, because the Court's reasoning applies equally to both defendants here, the complaint is dismissed as to both Wells Fargo and HSBC. Berry may file an amended complaint, if he is able within the contours of this order, by December 29, 2015.

## STATEMENT

After a state court foreclosed on his property and his challenges to the proceeding were unsuccessful, Plaintiff Derick Berry filed a suit in this Court against Defendants Wells Fargo Bank, N.A. and HSBC Bank, N.A., alleging a litany of claims based in both federal and state law. Specifically, Berry contends that the Defendants violated the Illinois Consumer & Deceptive Practices Act, 815 ILCS § 505/2 (Count I); the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.* (Count II); the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 (Count III); the Truth in Lending Act ("TILA"); 15 U.S.C. § 1601 *et seq.* (Count IV); and that the Defendants were unjustly enriched, breached the covenant of good faith and fair dealing, and committed negligence (Counts V-VII) by engaging in predatory mortgage practices against predominantly minority groups. (Dkt. No. 1.) Wells Fargo, the only defendant that has appeared in the case, now moves to dismiss Berry's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and failure to state a claim, respectively. (Dkt. No. 11.) Because Berry's federal claims are time-barred and no independent basis for jurisdiction over the state law claims exists, the Court grants Wells Fargo's motion to dismiss. Both the federal and state law claims are dismissed.

## Background

The Court notes that the factual allegations in Berry's complaint are disjointed and difficult to follow temporally. In 1991, Berry purchased a property located at 8754 South Cornell Avenue,

Chicago, Illinois. (Dkt. No. 1, Compl. ¶ 8.) Berry continues to reside in that property today. (*Id.*) Berry originally financed the property by obtaining a $104,000 mortgage loan from Countrywide Home Loans. (*Id.* at ¶ 9.) On May 1, 2006, Berry refinanced his mortgage through Royal Crown Bancorp. (*Id.* at ¶ 13.) He refinanced to a 30-year, fixed rate mortgage with an 8.58% annual percentage rate. (*Id.*)

At some point, Berry sought to contest his monthly payments under the loan. On December 15, 2006, Berry phoned America's Servicing Company ("ASC"), allegedly a Wells Fargo subsidiary, for clarification. (*Id.* at ¶¶ 26, 53.) He learned that ASC would take over as the servicer of the loan on January 2, 2007. (*Id.*) After Berry allegedly failed to make payments on the loan, GMAC Mortgage[1] filed a foreclosure action in state court in December 2006. (*Id.* at ¶ 28.) Berry filed for bankruptcy but withdrew his petition in February 2009 after ASC allegedly offered him a forbearance agreement that would lead to a loan modification.[2] (*Id.* at ¶¶ 32-35.) Berry alleges that a number of errors by ASC led to him being unable to accept the loan modification and that ASC sold his home to HSBC on March 12, 2010. (*Id.* at ¶ 54.) Outside of alleging that he received a few mailings from ASC representatives, Berry does not allege any ASC involvement in the servicing of his loan subsequent to 2009.

Berry alleges that on October 28, 2011, the state court dismissed HSBC's foreclosure lawsuit for want of prosecution. (*Id.* at ¶ 74.) The state court reinstated the foreclosure proceedings approximately one year later at HSBC's request. (*Id.* at ¶ 78.) The state court entered a judgment of foreclosure and sale on March 18, 2015. Berry challenged the foreclosure judgment and sale several times in the state court proceeding. After finding no success, this litigation followed.

## **Legal Standards**

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a defendant brings a facial challenge to subject matter jurisdiction, "the district court must accept as true all material allegations of the complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, unless standing is challenged as a factual matter." *Remijas v. Neiman Marcus Group, LLC*, 794 F.3d 688, 691 (7th Cir. 2015). If, however, as here, a defendant factually challenges the basis for federal jurisdiction, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (citation and internal quotation marks and annotation omitted).

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive dismissal, a complaint must provide enough factual information to "state a claim to relief that is plausible on its face." *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 334 (7th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court draws all reasonable inferences and construes all facts in the light most favorable to the plaintiff. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

---

[1] Berry did not name GMAC Mortgage as a defendant in this litigation. Later in his complaint, Berry states that HSBC is the entity responsible for the foreclosure proceedings.
[2] Berry received a loan modification package from ASC on August 24, 2009 and November 17, 2009.

**Discussion**

A.  **Subject Matter Jurisdiction**

Wells Fargo argues that all of Berry's claims stem from the state court's foreclosure proceeding. It therefore contends that the Court lacks subject matter jurisdiction over Berry's complaint because his claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine divests district courts from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (citing 28 U.S.C. § 1257); *see also Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015). While the doctrine precludes claims that seek redress for injury caused by state-court judgments, *see Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008) ("If the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state court judgment, then lower federal courts cannot hear the claim."), it does not prevent a plaintiff from receiving an audience in federal court while the state court proceeding is ongoing. *See Parker v. Lyons*, 757 F.3d 701, 705-06 (7th Cir. 2014) ("*Rooker-Feldman* does not bar the claims of federal-court plaintiffs who . . . file a federal suit when a state-court appeal is pending."); *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 591 (7th Cir. 2005) ("an interlocutory ruling does not evoke the doctrine or preclude federal jurisdiction").

The doctrine is inapplicable here because in Illinois, the entry of a judgment of foreclosure is not final; instead, it becomes final and appealable only after the trial court confirms the sale of the underlying property and directs distribution of the resulting funds. *See EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152, 154 (Ill. 2012). Here, despite Berry's acknowledgement that his suit revolves around the fact that the state court "never read, recognized, or responded" to his current arguments, the doctrine does not apply. The state court entered a judgment of foreclosure on March 18, 2015 and Wells Fargo concedes that the state court has not yet entered an order confirming the sale of the property. (Dkt. No. 12 at 6.) Even though Berry's current arguments are best categorized as rehashed versions of unsuccessful contentions in state court, because he filed his federal complaint before the state court confirmed the sale of his property, *Rooker-Feldman* is unavailable as a basis for dismissal. *See, e.g., Schuller v. America's Wholesale Lender*, No. 14 C 4097, 2015 WL 5316413, at *2 (N.D. Ill. Sept. 9, 2015); *Bolden v. Wells Fargo Bank, N.A.*, No. 14 C 403, 2014 WL 6461690, at *3 (N.D. Ill. Nov. 18, 2014).

B.  **Federal Claims**

Berry attempts to bring three federal claims against Wells Fargo for violations of the FHA, ECOA, and TILA. None are timely.[3]

The FHA provides for a two-year statute of limitations where a private person seeks to enforce its terms. *See* 42 U.S.C. § 3613(a)(1)(A) ("An aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . ."). Here, Berry's FHA claim seeks redress under the "real estate-related transactions" subchapter. (Dkt. No. 1 at 17; *see* 42 U.S.C. § 3605(a).) Section 3605 of the FHA makes it

---

[3] Berry voluntarily withdrew his TILA claim. (Dkt. No. 17 at 7.) Accordingly, the Court dismisses it with prejudice as abandoned.

unlawful for "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). The FHA defines residential real estate-related transactions as "[t]he making or purchasing of loans or providing other financial assistance" related to residential real estate, and "[t]he selling, brokering, or appraising of residential real property." 42 U.S.C. § 3605(b). Berry's FHA claim appears to emanate from the terms and conditions associated with the mortgage he entered into in May 2006. *See* Dkt. No. 1 at 16 ("Plaintiff was induced to sign and rely on defendants' false assertions, and plaintiff did rely to his detriment on documents providing for a loan that was unnecessarily expensive and made on less favorable terms than loans defendants offered to similarly-situated Caucasians.") Berry did not file this action until June 15, 2015, making any challenge to his original loan pursuant to the FHA tardy by over seven years. Even when viewing the facts in the light most favorable to Berry, as the Court must, the most recent alleged "real estate-related transaction" took place in November 2009, when Berry contends he attempted to enter into a loan modification but was thwarted by Wells Fargo's misconduct. The statutory period on this activity likewise expired long before Berry brought his claim in this Court. Wells Fargo's involvement in the state court foreclosure action[4], if any, does not qualify as a real estate-related "transaction" under the FHA and therefore does not make his claim timely. *See, e.g.*, *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 504 (S.D.N.Y. 2015) (finding that garnishment action alleged to be "linked back to a property fraud action" did not fall under FHA because "not all activities related to residential real estate-related transactions" invoke the FHA); *Moore v. F.D.I.C.*, No. 08 C 596, 2009 WL 4405538, at *5 (N.D. Ill. Nov. 30, 2009) (dismissing a Section 3605 claim because the plaintiffs alleged misconduct occurring post-default). The institution of foreclosure proceedings was not a "transaction" as the FHA defines. When foreclosure proceedings began against Berry, Wells Fargo was not making or purchasing a loan, providing other financial assistance, or selling, brokering, or appraising residential property. Accordingly, Berry fails to assert a timely claim under the FHA.[5]

Berry's ECOA claim is similarly untimely for the reasons set forth in greater detail above. The ECOA makes it unlawful for creditors to "discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race." 15 U.S.C. § 1691(a); *see Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir. 2011). Like the FHA, the ECOA limits the institution of causes of action to two years from the date of the incident. 15 U.S.C. § 1691e(f).[6] As stated above, the latest alleged "credit transaction" that could qualify as an "adverse action" under the ECOA was Berry's November 2009 attempt to receive a loan modification. The foreclosure proceedings and all the allegations that accompany those proceedings do not fall within the "adverse action" definition necessary to state an ECOA claim. *See* 12 C.F.R. § 202.2(c)(2)(ii) (adverse action term does not include "[a]ny action or forbearance relating to an

---

[4] The letters Berry alleges he received are most properly construed as discovery deriving from the state court foreclosure proceedings. They cannot be plausibly interpreted as attempts to enter into or modify a loan.

[5] The Court additionally notes that Berry's argument in his response brief that his FHA claim is timely because Wells Fargo has made his home unavailable to him through the course of foreclosure is unsupported by either legal authority or facts. Berry cites to no case law that stands for the proposition that a lender must physically make a home available to be in compliance with the FHA. More fundamentally, however, his argument is undermined by his complaint, where Berry states that he "still resides" in the underlying property today. (Compl. ¶ 8.)

[6] Since the relevant time period, the ECOA's statute of limitations has been amended to five years. The amended statute of limitations does not apply retroactively. *See Estate of Davis*, 633 F.3d at 538 (applying two-year statute). Even if the applicable limitations period was five years, Berry's ECOA claim would nevertheless be untimely.

account taken in connection with inactivity, default, or delinquency as to that account"). Berry therefore is unable to assert a timely claim under the ECOA. Because Berry's FHA and ECOA claims are untimely and he withdrew his TILA claim, the Court dismisses all three federal claims.

**C.     State Law Claims**

Because the Court dismisses all of Berry's federal claims, it declines to exercise supplemental jurisdiction over the remaining state law claims.[7] *See* 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction over state law claims where it has dismissed all claims over which it has original jurisdiction); *see also RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 478 (7th Cir. 2012) ("When federal claims drop out of the case, leaving only state-law claims, the district court has broad discretion to decide whether to keep the case or relinquish supplemental jurisdiction over the state-law claims.").

**D.     HSBC**

HSBC has not appeared as a defendant in this matter and the Court is unable to discern whether Berry has served HSBC with his complaint. Nevertheless, because the Court's findings requiring dismissal of Berry's complaint apply equally to both Wells Fargo and HSBC, the Court dismisses the complaint against both defendants despite only Wells Fargo making an appearance. *See King v. Peters*, 991 F.2d 799 (7th Cir. 1993) (court may sua sponte enter judgment in favor of additional non-moving defendants if motion brought by one defendant equally bars claims against another defendant and the plaintiff had an adequate opportunity to respond to the motion); *Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) (same); *see also, e.g.*, *Bolden*, 2014 WL 6461690 at * 6; *Roberts v. Cendant Mortg. Corp.,* No. 1:11–CV–01438–JMS, 2013 WL 2467996, at *5 (S.D. Ind. June 7, 2013) (court imputed arguments made by moving defendant to all defendants and dismissed claims universally).

## Conclusion

For the reasons stated herein, the Court grants Wells Fargo's motion to dismiss (Dkt. No. 11). Berry's FHA and ECOA claims are dismissed, without prejudice, as untimely. Berry may attempt to amend his allegations by December 29, 2014 within the contours of this order. Berry's TILA claim is dismissed with prejudice. The Court dismisses Berry's state law claims without prejudice as it declines to exercise supplemental jurisdiction.

Date: 12/14/2015

Virginia M. Kendall
United States District Judge

---

[7] Berry requested his state law claims be dismissed without prejudice in the event the Court found dismissal of his federal claims appropriate.